UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFERY WILLIAMS, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 3:18-cv-385 (KAD) |
| | : | |
| COMMISSIONER OF CORRECTION, | : | |
| Respondent. | : | |

**RULING ON RESPONDENT'S MOTION TO DISMISS**

**Preliminary Statement**

The petitioner, Jeffery Williams ("Williams"), brings this petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254 challenging his 2005 conviction on charges of sexual

assault in the first and third degrees and risk of injury to a minor on the ground that his trial

counsel was ineffective. The respondent moves to dismiss the petition as time-barred. In

response to the motion to dismiss, Williams filed a motion to amend his petition to identify

additional reasons he received ineffective assistance of counsel. For the following reasons, the

respondent's motion is granted, Williams' motion is denied, and the petition is dismissed.

**Background**

Williams was convicted by a jury after trial in Superior Court on three counts of sexual

assault in the first degree, two counts of sexual assault in the third degree, and seven counts of

risk of injury to a minor. He was sentenced to a total effective term of imprisonment of thirty-

five years. *State v. Williams*, 102 Conn. App. 168, 170, 926 A.2d 7, 11 (2007).

Williams timely filed a direct appeal challenging his conviction on two grounds.

Williams argued that prosecutorial misconduct denied him due process and a fair trial and further

that the trial court effectively denied his right to counsel when it denied his motion for a new

lawyer.  On July 3, 2007, the Connecticut Appellate Court affirmed Williams' conviction.  *Id.*,

926 A.2d at 11-12.  On September 5, 2007, the Connecticut Supreme Court denied his petition

for certification to appeal.  *State v. Williams*, 284 Conn. 906, 931 A.2d 267 (2007).  Williams did

not file a petition for writ of certiorari in the United States Supreme Court.

Williams filed three petitions for writ of habeas corpus in state court at various times.

Williams filed the first state habeas petition on January 26, 2006, while his direct appeal was still

pending. ECF No. 17-5; *Williams v. Warden, State Prison*, No. TST-CV06-4000932-S,

civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TRSCV06400932S (last

visited May 6, 2019).  He filed the second state habeas petition on January 28, 2010, while the

first petition was still pending. ECF No. 17-6.  On October 6, 2010, the two cases were ordered

consolidated.  ECF No. 17-7; *Williams v. Warden, State Prison*, No. TSR-CV10-4003396-S,

civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV104003396S (last

visited May 6, 2019).  On January 24, 2011, the consolidated cases were dismissed for failure to

prosecute. ECF No. 17-8.  The habeas court denied certification to appeal on February 4, 2011.

Williams did not appeal the denial of certification.  ECF No. 17-5.  Over a year later, in the same

file, on May 9, 2012, Williams filed a motion to waive the entry fee and pay costs for service of

an appeal.  The motion was denied on June 29, 2012.  *Id.*

Williams filed his third state habeas petition on January 25, 2013.  Counsel was

appointed and filed an amended petition.  On March 3, 2016, the petition was denied after trial.

ECF No. 17-9; *Williams v. Warden, State Prison*, No. TSR-CV13-4005209-S,

civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV134005209S (last

visited May 6, 2019). The denial was affirmed on appeal and, on December 21, 2017, the

Connecticut Supreme Court denied Williams's petition for certification. *Williams v.*

*Commissioner of Corr.*, 177 Conn. App., 175 A.3d 565, *cert. denied*, 327 Conn. 990, 175 A.3d

563 (2017). Williams did not file a petition for certiorari in the United States Supreme Court.

 On February 23, 2018, Williams signed his federal habeas petition commencing this

action.

**Standard of Review**

A defendant may raise an affirmative defense, such as the statute of limitations, in a Rule

12(b)(6) motion to dismiss if the defense appears on the face of the complaint. *McKenna v.*

*Wright*, 386 F.3d 432, 436 (2d Cir. 2004); *see e.g., Mitchell v. Commissioner of Corr.*,

No.3:17cv762(MPS), 2019 WL 188694 (D. Conn. Jan. 14, 2019) (granting motion to dismiss

habeas corpus action on statute of limitations grounds). In reviewing a motion to dismiss, "[a]

court may take judicial notice of a document filed in another court not for the truth of the matters

asserted in the other litigation, but rather to establish the fact of such litigation and related

filings." *Global Network Comm., Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

**Discussion**

Federal law imposes a one-year limitations period on federal petitions for writ of habeas

corpus which challenge a judgment of conviction imposed by a state court. *See* 28 U.S.C. §

2244(d)(1). The one-year limitations period commences when the petitioner's conviction

becomes final. That date is defined as the completion of the direct appeal or the conclusion of the

time within which an appeal could have been filed,[1] *id.*, and may be tolled for the period during

---

[1] The statute also provides alternative means of calculating the commencement of the limitations period, none of which are applicable here. 28 U.S.C. § 2244(d)(1)(B)-(D).

which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (direct review of a conviction includes review by Supreme Court on petition for writ of certiorari).  The limitations period may also, under certain circumstances be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 649 (2010). To equitably toll the limitations period, the petitioner must show that extraordinary circumstances prevented him from filing his petition on time and that he acted with reasonable diligence during the entire period he seeks to have tolled. *Id.*

Here, the Connecticut Supreme Court denied Williams' petition for certification on September 5, 2007.  His conviction became final ninety days later, on December 4, 2007, at the conclusion of the time within which he could have filed, but did not, a petition for certiorari in the United States Supreme Court.  *See Gonzalez*, 565 U.S. at 150 (conviction is final and limitation period begins to run only after denial of certiorari or expiration of time to seek certiorari); *see also* Sup. Ct. R. 13.1 (90-day time period to file petition for writ of certiorari). The limitations period, however, was tolled at the time because Williams had filed his first state habeas petition while the direct appeal was pending.  The consolidated first and second state habeas petitions were dismissed on January 24, 2011, and Williams' petition for certification to appeal was denied on February 4, 2011.  Williams did not appeal the denial.  Thus, the limitations period for bringing a federal petition for writ of habeas corpus commenced on February 25, 2011, the day after the expiration of the twenty-day period during which Williams could have filed an appeal.  *See* Connecticut Practice Book § 80-1 (establishing twenty-day period to file an appeal); *see also Maldonado v. Commissioner of Corr.*, 141 Conn. App. 455,

4

460-61, 63 A.3d 528, 531 (explaining that denial of certification by trial court does not preclude filing of appeal), *cert. denied*, 308 Conn. 941, 66 A.3d 883 (2013).

On May 9, 2012, Williams attempted to resurrect an appeal of the denial by filing a motion to waive the entry fee and pay costs of service for same. The motion was grossly untimely and was denied. ECF No. 17-5. The court recognizes that "[i]f the filing of [an] appeal is timely, the period between the adverse lower court decision and the filing (typically just a few days) is not counted against the 1-year AEDPA time limit." *Evans v. Chavis*, 546 U.S. 189, 192 (2006)) (citing *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002)). But Williams' motion was not timely filed, was not granted in any event, and therefore, did not further toll the limitations period.[2] Accordingly, the limitations period to bring this federal habeas corpus petition expired on February 25, 2012.

Thereafter, Williams filed his third state habeas action on January 25, 2013. Filing a subsequent state habeas action after the federal limitations period has expired does not re-set the limitations period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("We therefore hold that proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but it does not reset the date from which the one-year statute of limitations begins to run. … If the one-year period began anew when the state court denied collateral relief, then state prisoners could extend or manipulate the deadline for federal habeas review by filing additional petitions in state court"). Thus, this petition is time

---

[2] The Supreme Court has held that, where a petitioner is granted leave to file an out-of-time direct appeal, the limitations period would be re-set and commence at the conclusion of the out-of-time direct appeal. *Gonzalez*, 565 U.S. at 149-50. The Supreme Court has not determined whether this rule would apply to an out-of-time habeas appeal. Even if it does, as noted, Williams was not granted leave to appeal out-of-time.

barred unless the limitations period is or was further tolled prior to its expiration on February 25, 2012.

As noted above, the limitations period may be equitably tolled. *Holland*, 560 U.S. at 645. But equitable tolling applies only in extraordinary circumstances. *Id.* at 649; *see Jenkins v. Greene*, 630 F.3d 298, 302 (2d Cir. 2010) (equitable tolling applies only "in rare and exceptional" circumstances). The Second Circuit has found such extraordinary circumstances only rarely. *See Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011) (noting that equitable tolling has been justified only where correctional officer intentionally confiscated petition shortly before filing deadline, state appellate court failed to inform prisoner that leave to appeal was denied, and attorney failed to file habeas petition despite explicit instructions from prisoner to do so). To warrant equitable tolling, Williams must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland*, 560 U.S. at 549 (internal quotation marks and citation omitted). It is Williams' burden to show that equitable tolling is warranted. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In his motion to dismiss, the respondent set forth the standard for equitable tolling and noted that Williams had not identified any grounds to support tolling. In response to the motion to dismiss, Williams filed a motion to amend his petition to add other examples of ineffective assistance of counsel. He also filed an opposition to the motion in which indicates that he has new expert witnesses who disagree with the experts who testified at his trial. He argues that trial counsel should have retained such an expert. Williams did not address the timeliness of his petition at all or assert any basis upon which the limitations period should be equitably tolled. As

such, he has set forth no facts suggesting that the limitations period should be tolled.

**Conclusion**

The respondent's Motion to Dismiss [**Doc. No. 16**] is **GRANTED**.  The Court concludes

that an appeal of this order would not be taken in good faith.  Thus, a certificate of appealability

will not issue.  The petitioner's motion to amend [**Doc. No. 27**] is **DENIED** as moot.

The Clerk is directed to enter judgment in favor of the respondent and close this case.

**SO ORDERED** this 7th day of May 2019 at Bridgeport, Connecticut.


           /s/ Kari A. Dooley
           Kari A. Dooley
           United States District Judge